UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER
LAW,
     *Plaintiff*,

v.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, *et al.*,
     *Defendants*.

Civil Action No. 17-1354 (CKK)

**ORDER**
(August 18, 2017)

     The Court has received Plaintiff's [21] Motion for a Status Conference, For Limited Expedited Discovery, and for Appropriate Relief Based on Defendants' Failure to Honor Commitments to the Court to Produce Relevant Records Prior to July 19 Commission Meeting ("Discovery Mot."). That Motion alleges that Defendants have failed to abide by their representations to the Court, made in the context of the parties' briefing on Plaintiff's [3] Motion for a Temporary Restraining Order and Preliminary Injunction, which was denied by Memorandum Opinion dated July 18, 2017. *Lawyers' Comm. for Civil Rights Under Law v. Presidential Advisory Comm'n on Election Integrity*, --- F. Supp. 3d ---, No. CV 17-1354 (CKK), 2017 WL 3028832 (D.D.C. July 18, 2017). In particular, Defendants represented that: (i) "[b]ecause the July 19 meeting is an initial meeting where the commissioners will introduce themselves and discuss the general direction of the Commission's work, there are few documents that pertain to the meeting; and (ii) "other documents that are prepared for or by the Commission will be posted to the Commission's webpage prior to the meeting, and by July 14 if possible." Decl. of Andrew J. Kossack, ECF No. 15-1 ("Kossack Decl."), ¶ 10.

     In the pending motion, Plaintiff alleges that a variety of documents prepared for and discussed during the July 19 meeting were not disclosed to the public prior to or at the meeting. These include the prepared remarks delivered by Commission members and certain documents created by the Heritage Foundation. Discovery Mot. at 4. Defendants respond that these documents were not posted before the July 19 meeting "because the individual members had not submitted them to the full Commission membership before the meeting began." Defs.' Mem. in Opp'n, ECF No. 23, at 1. Defendants' position, if the Court understands it correctly, is that documents undeniably *prepared for* a specific meeting of the Commission, need not be disclosed prior to or at the meeting because the individual Commission members who prepared those documents had not yet disclosed them to the Commission. This strikes the Court as an incredible interpretation of both Defendants' prior representations to the Court, made under penalty of perjury, and of the

law.

Defendants previously represented that documents prepared for the Commission would be disclosed prior to the July 19 meeting, without the qualification presently being advanced. Furthermore, nothing in the law of this circuit excuses the disclosure of materials prepared for an advisory committee meeting simply because they are prepared by an individual committee member. Section 10(b) of FACA requires the disclosure of "documents which were made available to or *prepared for* or by [the] advisory committee . . . ." (Emphasis added.) *Food Chemical* states unequivocally that "it is essential that, whenever practicable, parties have access to the relevant materials before or at the meeting at which the materials are used and discussed." *Food Chem. News v. Dep't of Health & Human Servs.*, 980 F.2d 1468, 1472 (D.C. Cir. 1992).

A hearing on the pending motion shall be held on **Wednesday, August 30, 2017** at **10:00 A.M.** Government counsel shall be prepared to discuss the Commission's non-disclosure of materials prior to the July 19 meeting, including: (i) what efforts were taken to inform Commission members of their disclosure obligations; and (ii) what steps were taken by the Commission to determine the universe of materials that were prepared for the Commission in advance of the July 19 meeting. In addition, By **August 24, 2017**, at **5:00 P.M. EST**, Plaintiff shall submit a proposed discovery plan, detailing the discovery that it seeks, providing a timetable for obtaining that discovery, and providing additional legal support for those requests, as necessary.[1] By **August 28, 2017**, at **5:00 P.M. EST**, Defendants may file a reply to the proposed discovery plan.

**SO ORDERED.**

Dated: August 18, 2017

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] Defendants raise concerns regarding this Court's subject-matter jurisdiction in relation to the pending discovery requests. *See* Defs.' Mem. in Opp'n at 15–18. In this case, however, merits discovery may become intertwined with issues regarding the Court's subject-matter jurisdiction, as one of the elements of mandamus jurisdiction is whether "the government agency or official is violating a clear duty to act . . . ." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Accordingly, to the extent merits discovery is premature, jurisdictional discovery may nonetheless be appropriate.