UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,<br>      *Plaintiff*,<br>   v.<br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY, *et al.*,<br>      *Defendants*. | Civil Action No. 17-1354 (CKK) |

**ORDER**
(August 30, 2017)

On August 30, 2017, the Court held a hearing on Plaintiff's [21] Motion for a Status Conference, For Limited Expedited Discovery, and for Appropriate Relief Based on Defendants' Failure to Honor Commitments to the Court to Produce Relevant Records Prior to July 19 Commission Meeting. For the reasons articulated by the Court during the hearing, the [21] Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Defendants have agreed to provide the following information in order for Plaintiff and the Court to be able to properly assess Defendants' anticipated arguments, in the form of a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), regarding the availability of mandamus jurisdiction in this action:

- A declaration detailing Defendants' position on what categories of documents are appropriately included in the universe of documents potentially subject to disclosure pursuant to FACA section 10(b), and what categories of documents are not subject to disclosure.

- A declaration detailing the steps that the Commission has taken and will take to identify documents for collection and potential disclosure.

- A *Vaughn*-type index detailing what specific documents have been collected with respect to the Commission to date, which of those have been disclosed, and if they have not been disclosed, on what basis. The index should be current at least as of the September 12, 2017 meeting.

The parties are instructed to meet and confer regarding the specifics of these items. Although guidance is difficult to provide in the abstract, the Court offers the following observations which should inform the meet and confer process. First, the essential question for purposes of section 10(b) is whether a document has been "made available to or prepared for" the

1

advisory committee. In the Court's preliminary view, the "prepared for" clause is essentially a question of intentionality. That is, a document is subject to disclosure under section 10(b), unless an exemption applies, if it was created or obtained with the intent to disclose it to the advisory committee. For example, a draft that was in fact never disclosed to the committee may still be subject to disclosure under section 10(b) if it was created with an intent to eventually disclose the finished product to the committee. Similarly, correspondence may be subject to disclosure if it includes materials intended for the committee. This strikes the Court as the simplest and truest reading of the "prepared for" clause. *See Ctr. for Biological Diversity v. Tidwell*, 239 F. Supp. 3d 213 (D.D.C. 2017) (Kollar-Kotelly, J.) ("At minimum, the undisclosed draft strategy chapters may require disclosure as, based on Defendants' declarations, those chapters were prepared by Strategy Team members for the eventual use of the Strategy Team.").

Consequently, a document-by-document analysis is likely necessary to determine whether a document is actually subject to disclosure pursuant to section 10(b). As a result, the *Vaughn*-type index being prepared by Defendants needs to be sufficiently broad and detailed to permit the Court to ascertain why a Commission member created or obtained a certain document. Accordingly, Defendants are expected to err on the side of caution in creating the index. To the extent a document was created or obtained by a Commission member in the course of his or her work for the Commission, it should be included in the index. If document-specific issues arise, the parties are expected to meet and confer, and if necessary, may raise them with the Court. Furthermore, given the broad scope of the *Vaughn*-type index, Defendants' search for relevant materials must be correspondingly broad, and should include all mediums through which Commission members have engaged in work for the Commission.

Plaintiff's other discovery requests are denied without prejudice, for the time being. The Court views these as either overly burdensome or intrusive (at least given the present factual circumstances), or as merits discovery that is not appropriate at this procedural juncture.

\*   \*   \*

By **September 5, 2017**, at **5 P.M. EST**, the parties shall file a Joint Status Report with a proposed schedule for providing the Court with the three items of information detailed above. The Joint Status Report should also indicate whether Plaintiff's concerns have been addressed with respect to the timing of document disclosures for the Commission's next meeting on September 12, 2017.

For the time being, Defendants' obligation to answer or otherwise respond to the complaint is **STAYED**. The Court shall set a schedule for further proceedings after it has received and reviewed the materials to be provided by Defendants.

**SO ORDERED.**

Dated: August 30, 2017

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge