**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW,

      Plaintiff,

v.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY; *et al.,*

      Defendants.

Civil Action No. 1:17-cv-1354 (CKK)

<u>**JOINT STATUS REPORT**</u>

Pursuant to the Court's minute order of September 20, 2017, the parties hereby update the

Court as to the progress of the substantive meet and confer process referenced in the Court's

August 30, 2017, Order.

**I.      Issues on Which the Parties Have Reached Agreement**

Counsel for the parties held a further telephonic meet and confer on September 22, 2017,

and reached agreement regarding the following issues.

**A.      Documents that may be addressed on a categorical basis in defendants'
*Vaughn*-type index**

The parties have agreed that defendants may group the following documents into

categories in its *Vaughn*-type index:

- public comments submitted to the Commission, Commission staff, or individual
  Commissioners;

- administrative emails among Commission staff, and between Commission staff and Commission members (addressing, *e.g.*, travel details; place, time, and similar logistics of meetings; administrative paperwork);

- administrative emails between Commission staff and third parties (*e.g.*, St. Anselm College, Sept. 12 panelists), relating to the operation of the Commission and not addressing the substance of Commission business;

- emails and documents covered by the attorney work product doctrine and attorney-client privilege.

**B.      Documents that will be listed separately on defendants' *Vaughn*-type index**

With the caveat that further discussions may be necessary if defendants locate an unexpected volume of materials (discussed further below), the parties have agreed that defendants will list separately (*i.e.*, document-by-document) in the *Vaughn*-type index the following materials ("substantive" refers to discussion relating to the work of the Commission as set forth in governing Executive Order and Commission Charter):

- substantive communications between Commission staff and one or more Commissioners;

- substantive communications among two or more Commissioners;

- substantive communications between one or more Commissioners and/or Commission staff, on one hand, and panelists and prospective panelists (if any) for the September 12, 2017 meeting, on the other hand;

- substantive communications between one or more Commissioners and third (nongovernmental) parties;

- substantive communications between one or more Commissioners and/or Commission staff, on one hand, and other federal government agencies, on the other hand.

- Communications between Commission staff and one or more Commissioners, or among two or more Commissioners, regarding compliance with FACA;

- Communications between Commission staff and one or more Commissioners, or among two or more Commissioners, regarding the membership of the Commission.

2

### C.     Content of the declaration addressing the document search

The parties agreed that the second declaration described in the Court's August 30 order will indicate when Commission members were given instructions regarding preserving and/or searching for documents and the general nature of those instructions.

## II.     Issues on Which the Parties Have Not Reached Agreement

Set forth below are the parties' respective positions regarding issues on which they were unable to reach agreement during the September 22 meet and confer:

### A.     Lawyers' Committee's Positions

1.     *Document-by-Document Preparation of the* Vaughn *Index*:  Other than public comments and administrative emails, the Lawyers' Committee believes that other records should be logged separately, document-by-document, in the index.  As stated above, Defendants have agreed to separately log many types of substantive records, unless they locate an unexpected volume.  The Lawyers' Committee believes that these records should be logged separately regardless of the volume.

Beyond that, Defendants' counsel refuse to separately log substantive communications among Commission staff or between staff and nongovernmental third parties.  While they cite the large volume of staff emails to justify this refusal, we understand that most of those emails are administrative records that the parties have agreed may be categorized.  Defendants should separately log *substantive* communications among Commission staff so that the Court can assess whether such records are subject to disclosure under Section 10(b).  As the Court previously stated, "a document-by-document analysis is likely necessary to determine whether a document is actually subject to disclosure pursuant to Section 10(b)."  08/30/17 Order at 2 (ECF No. 28).

3

2.      *Details of Index*:  During the September 22 meet and confer, counsel for the Lawyers' Committee again advised that the *Vaughn* index should include the details specified by the Lawyers' Committee in the September 5 Joint Status Report (ECF No. 30 at 5), such as each record's sender, recipient, date, subject matter, and any attachments.  In response, Defendants' counsel again refused to commit to providing these basic details.  Instead, Defendants' counsel simply stated:  "It's going to be what we think is appropriate."

3.      *Date Range for Index*:  Defendants' counsel stated that they would only collect and index records created on or after May 11, 2017, the date of the Executive Order formally creating the Commission.  The Lawyers' Committee, however, believes that the index should include any documents related to the Commission at any time since this Administration took office.  Publicly available records indicate that certain Commissioners were already at work in both attempting to shape the Commission's membership and conducting the Commission's business well before the Commission's formal creation on May 11.  In particular, Vice Chair Kobach stated in separate litigation that he met with President Trump during the Presidential transition period "to advise the President . . . on matters within the purview of the Commission." *Fish v. Kobach*, 16-cv-02105 (D. Kan. July 25, 2017), ECF No. 376 at 11.  And Commissioner Hans von Spakovsky reportedly advised the Administration in a February 22, 2017 email that the Commission should not be "bipartisan" and should not include any "Democrats," "mainstream Republicans," or "academics."  See http://goo.gl/QdvsKH; http://goo.gl/MtSwdt.

These statements by Commissioners indicate that there are "records related to the establishment of the committee" and "records related to committee membership"—two categories of records subject to preservation and disclosure under General Records Schedule

4

6.2—that pre-date May 11 and should be included in the index.  If Commissioners were engaged in the business of the Commission before its formal creation, those records are subject to disclosure under Section 10(b).

4.    *Second Declaration*.  The Lawyers' Committee believes that the second declaration described in the Court's August 30 order should include the information requested by the Lawyers' Committee in the September 5 joint status report (ECF No. 30 at 5-6).  This is the minimum information necessary for the Court and the Lawyers' Committee to assess whether adequate steps were taken to collect and log documents pursuant to the Court's August 30 order.  Defendants' counsel have stated that they plan to provide a "fulsome" description of their search for records, but refused to commit regarding the specific types of information they will provide.

**B.    Defendants' Positions**

- **Indexing of substantive Commission staff communications not identified above.**

Because of the volume of Commission staff email (in excess of 6000 emails), it is not practicable for defendants to list separately each such email or email chain.  Moreover, it will be possible for the Court and plaintiff to assess the legal status of these staff communications without the individualized listing of thousands of like messages.  The Court recognized during the August 30th hearing that some categorization would likely be appropriate (Transcript, pp. 19-20).  Defendants will describe their search methodology of staff emails and endeavor to group these communications into categories that are sufficiently specific so as to permit the Court to determine their legal status.

- **Date range**

As defendants stated in their September 5, 2017, status report, defendants are collecting

and indexing documents created on or after May 11, 2017, the date of the Executive

Order creating the Commission.  Section 10(b) requires that "documents which were made

available to or prepared for or by each advisory committee" be publically disclosed, unless an

applicable exemption applies.  *See* 5 U.S.C. app 2 § 10(b).  This provision does not (and cannot)

include documents that were created before the advisory committee was constituted, unless they

were shared with the committee after it was created.  Materials pre-dating the Executive Order

(and thus the Commission) are not within the reach of the Federal Advisory Commission Act's

provisions.  Nor does General Records Schedule ("GRS" 6.2) justify an earlier date, as this

schedule does not apply to a presidential committee's records that, as here, fall under the

Presidential Records Act.  *See* GRS 6.2 at 129 (If a "Presidential advisory committee's records

fall under" the Federal Records Act "you may apply this GRS." If a "Presidential advisory

committee's records fall under" the Presidential Records Act "you should request information on

appropriate disposition from NARA's Presidential Materials Division[.]"); *see also* 44 C.F.R. §

102-3.175(e).

- **Form of the *Vaughn*-type index**

Defendants' work in preparing the *Vaughn* is still ongoing and defendants have not yet

finalized the columns or information that will be provided for each document or category of

document listed.  Defendants agree, however, that the index should provide sufficient

information for the Court and plaintiff to assess the legal status of the materials.  Defendants

have assured plaintiff that, while they are unable to commit to a specific form at this time, they intend to provide a sufficiently fulsome index.

Dated:  September 25, 2017                         Respectfully submitted,

                                                   CHAD A. READLER
                                                   Acting Assistant Attorney General
                                                   Civil Division

                                                   ELIZABETH J. SHAPIRO
                                                   Deputy Director

                                                   */s/ Joseph E. Borson*
                                                   CAROL FEDERIGHI
                                                   Senior Trial Counsel
                                                   KRISTINA A. WOLFE
                                                   JOSEPH E. BORSON
                                                   Trial Attorneys
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   P.O. Box 883
                                                   Washington, DC 20044
                                                   Phone: (202) 514-1903
                                                   Email: carol.federighi@usdoj.gov

                                                   *Counsel for Defendants*

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
Ezra D. Rosenberg (D.C. Bar # 360927)
Marcia Johnson-Blanco (D.C. Bar # 495211)
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW
Washington, DC 20005
Telephone: +1 202.662.8600
Facsimile: +1 202.783.0857
erosenberg@lawyerscommittee.org

*/s/ John A. Freedman*
John A. Freedman (D.C. Bar No. # 453075)
Robert N. Weiner (D.C. Bar # 298133)
David J. Weiner (D.C. Bar # 499806)
R. Stanton Jones (D.C. Bar # 987088)
Daniel F. Jacobson(D.C. Bar # 1016621)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
John.Freedman@apks.com

Kathryn W. Hutchinson
ARNOLD & PORTER KAYE SCHOLER LLP
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844
Telephone: +1 213.243.4000
Facsimile: +1 213.243.4199

*Counsel for Plaintiff Lawyers' Committee for
Civil Rights Under Law*