# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY; *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-1354 (CKK) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR RELIEF IN CONJUNCTION WITH PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S AUGUST 30, 2017 ORDER AND FOR ADDITIONAL APPROPRIATE RELIEF**

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                           **Page**

*Adams v. Office of Atty. Gen.,*
  No. 2:11-CV-621-WKW, 2012 WL 1067978 (M.D. Ala. Mar. 29, 2012) ................................. 1

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ........................................................................................................ 2

*Freedom Watch, Inc. v. Obama,*
  859 F. Supp. 2d 169 (D.D.C. 2012) ..................................................................................... 1

*Kentucky v. Graham*,
  473 U.S. 159 (1985) ........................................................................................................ 1

*Miccosukee Tribe of Indians of Fla v. S. Everglades Restoration Alliance,*
  304 F.3d 1076 (11th Cir. 2002) ......................................................................................... 1

**Additional Material**                                                                                                                             **Page**

Oct. – Nov. 2017 Emails from Commissioner J. Christian Adams to Members ............................ 2

Defendants[1] respectfully oppose plaintiff's supplemental request that this Court require defendants to submit a new *Vaughn*-type index for records created through January 3, 2018, the date that the Presidential Advisory Commission on Election Integrity (the "Commission") was terminated.

1.      Further indices will not assist the Court in resolving this dispute over the scope of FACA section 10(b), which is amply informed by the existing index. Defendants have already provided an extraordinary amount of information in response to this Court's order, setting out their position on what categories of document are subject to disclosure pursuant to section 10(b), a detailed search declaration, and a document index containing nearly 800 separate entries. *See* Notice of Filing, ECF No. 33. Plaintiff quibbles with certain aspects of that production, notably defendants' limited use of categorization. *See* Pl.'s Mot. Compel, ECF No. 35-1. That dispute is fully briefed, and requiring more of the same before the Court has ruled does not further the Court's goal of delineating the scope of section 10(b)'s disclosure requirements. The scope of section

---

[1] The Presidential Advisory Commission on Election Integrity, Vice President Pence, in his official capacity as Chair of the Commission, Kris Kobach, in his official capacity as Vice-Chair of the Commission, and Andrew Kossack, in his official capacity as Designed Federal Officer for the Commission, ceased to be proper defendants when the Commission was terminated on January 3, 2018. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Adams v. Office of Atty. Gen.,* No. 2:11-CV-621-WKW, 2012 WL 1067978, at *3 (M.D. Ala. Mar. 29, 2012) ("[T]o allow an official capacity claim against former officials would be 'to allow them to be sued as representatives of an entity that they . . . no longer represent.'") (citation omitted); *see also Miccosukee Tribe of Indians of Fla v. S. Everglades Restoration All.*, 304 F.3d 1076, 1081-82 (11th Cir. 2002) (claims against former Commission itself and former Commission director are moot when those positions and entities no longer exist); *Freedom Watch, Inc. v. Obama*, 859 F. Supp. 2d 169, 174 (D.D.C. 2012) (FACA document disclosure claim can be brought against current custodian of former committee's records).

10(b) and the former Commission's compliance therewith can and should be decided through a motion to dismiss for lack of mandamus jurisdiction. *See* Tr. Aug. 30, 2017 Hr'g 16:8-13.[2]

2. Nor is there any urgency, as documents related to the Commission are being preserved. *See* Second Decl. Charles C. Herndon ¶¶ 4-5, *Dunlap v. PACEI*, 17-cv-2361-CKK (D.D.C.), ECF No. 39-2; Decl. of Philip C. Droege ¶¶ 3-4, *Dunlap v. PACEI*, ECF No. 44-1.

3. Further, plaintiff's request would impose a significant burden. A supplemental *Vaughn*-type index is incompatible with the Supreme Court's admonition that "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004). Plaintiff seeks another *Vaughn*- type index to be submitted *before* defendants file a motion to dismiss, and to include identifying individual staff communications between and among the Office of the Vice President and the Executive Office of the President, despite authority that such materials are not subject to FACA section 10(b). *See* Defs.' Opp'n Pl.'s Motion to Compel, at 12, ECF No. 36. Moreover, the Commission no longer exists, and no longer has staff – the burden on defendants of having to take individuals away from their official duties to prepare the requested index militates against the creation of such an index, until the necessity for and scope of such an index are more precisely identified.

For these reasons, plaintiff's supplemental request for an additional *Vaughn*-type index should be denied.

---

[2] To the extent documents were created after the *Vaughn*-type index was submitted to the Court that the Commission believed were subject to section 10(b), those documents were posted publicly. *See, e.g.*, Oct. – Nov. 2017 Emails from Commissioner J. Christian Adams to Members, https://www.whitehouse.gov/sites/whitehouse.gov/files/images/October%20-%20November%202017%20Emails%20from%20Commissioner%20J.%20Christian%20Adams%20to%20M....pdf.

| | |
|---|---|
| Dated:  January 30, 2018 | Respectfully submitted,<br><br>CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division<br><br>BRETT A. SHUMATE<br>Deputy Assistant Attorney General<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director<br><br>*/s/ Joseph E. Borson*<br>CAROL FEDERIGHI<br>Senior Trial Counsel<br>KRISTINA A. WOLFE<br>JOSEPH E. BORSON<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br>Phone: (202) 514-1944<br>Email: joseph.borson@usdoj.gov<br><br>*Counsel for Defendants* |