**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW,
  *Plaintiff*,

  v.

PRESIDENTIAL ADVISORY COMMISSION
ON ELECTION INTEGRITY, *et al.*,
  *Defendants.*

Civil Action No. 17-1354 (CKK)

---

**MEMORANDUM OPINION AND ORDER**
(June 28, 2018)

The Court's [28] Order of August 30, 2017, instructed Defendants to prepare, among other things, a *Vaughn*-type index designed to assist the Court and the Plaintiff in "assess[ing] Defendants' anticipated arguments, in the form of a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), regarding the availability of mandamus jurisdiction in this action." Order, ECF No. 28, at 1. Based on subsequent meet-and-confer discussions between the parties, Plaintiff repeatedly expressed concerns about the adequacy of Defendants' approach to this task. *See, e.g.*, Joint Status Report, ECF No. 32. After Defendants filed their [33-3] index, Plaintiff's grievances materialized in a motion to compel compliance with the Court's order.

The dissolution of Defendant Presidential Advisory Commission on Election Integrity (the "Commission") on January 3, 2018, triggered a series of additional filings. Plaintiff not only urged the Court to find that adequacy of the index remains a live issue, but also extended its request for a revised *Vaughn*-type index to cover the full life of the Commission. Defendants reiterated their earlier insistence that the present index is sufficient to enable the parties to move to dispositive motion briefing and facilitate the Court's evaluation of mandamus-type jurisdiction. Upon

1

consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Plaintiff's [35] Motion to Compel Compliance with the Court's August 30, 2017 Order and for Additional Appropriate Relief, and **DENIES** Plaintiff's [41] Supplemental Request for Relief in Conjunction with Plaintiff's Motion to Compel Compliance with the Court's August 30, 2017 Order.

The core issue at present is whether Plaintiff is entitled to the disclosure of any documents associated with a now-defunct commission. Proceedings in a related case may affect developments here as well. Yesterday, the Court decided that a former commissioner of the same Commission was entitled to enforcement of a preliminary injunction—issued before the Commission's termination—that compelled defendants to produce certain documents withheld from that commissioner during the Commission's short life. *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, No. 17-cv-2361 (CKK) (D.D.C. June 27, 2018), ECF No. 52 at 1-3 (citing *Cummock v. Gore*, 180 F.3d 282 (D.C. Cir. 1999)). The *Dunlap* defendants—who are the same as

---

[1] The Court's consideration has focused on the following documents:

- Notice of Filing, ECF No. 33, including [33-1] and [33-2] declarations and [33-3] document index;
- Pl. Lawyers' Committee for Civil Rights Under Law's Mot. to Compel Compliance with the Ct.'s Aug. 30, 2017 Order and for Additional Appropriate Relief, ECF No. 35 ("Pl.'s Mot. to Compel");
- Defs.' Opp'n to Pl.'s Mot. to Compel Compliance with This Ct.'s Aug. 30, 2017, Order and for Additional Appropriate Relief, ECF No. 36 ("Defs.' Opp'n to Mot. to Compel");
- Reply in Supp. of Pl.'s Mot. to Compel Compliance with the Ct.'s Aug. 30, 2017 Order and for Additional Appropriate Relief, ECF No. 37 ("Pl.'s Reply in Supp. of Mot. to Compel");
- Pl.'s Resp. to Defs.' Notice of Executive Order, ECF No. 40 ("Pl.'s Resp. to Exec. Order");
- Suppl. Request for Relief in Conjunction with Pl.'s Mot. to Compel Compliance with the Ct.'s Aug. 30, 2017 Order, ECF No. 41 ("Pl.'s Suppl. Request"); and
- Defs.' Opp'n to Pl.'s Suppl. Request for Relief in Conjunction with Pl.'s Mot. to Compel Compliance with This Ct.'s Aug. 30, 2017 Order and for Additional Appropriate Relief, ECF No. 42 ("Defs.' Opp'n to Pl.'s Suppl. Request").

Defendants in this case[2]—must produce those documents by July 18, 2018. *Id.* at 3. The disclosure in *Dunlap* likely would overlap with any disclosure to which Plaintiff in this case is entitled.

Whatever the extent of would-be overlap, it is not clear that Plaintiff could independently obtain the production that it seeks in this case. Plaintiff is and always has been a member of the public, rather than a member of the Commission, and so Plaintiff cannot avail itself of *Cummock*, at least not directly. The question is whether Plaintiff currently has any entitlement to documents under Federal Advisory Committee Act ("FACA") § 10(b) following the Commission's termination. Plaintiff offers a string citation of case law for the proposition that it is "well settled that the 'termination' of a federal advisory committee does not moot claims for committee records under Section 10(b) of FACA." Pl.'s Resp. to Exec. Order at 1. But without further briefing, the Court is not in a position to ascertain whether the few controlling authorities cited by Plaintiff necessarily dictate the disclosure sought here. *See id.* (citing, e.g., *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 901 n.1 (D.C. Cir. 1993); *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1023 (D.C. Cir. 1998)).

Setting aside the possibility of mootness, the Court is of the view that further amplifying the *Vaughn*-type index is not an efficient method of proceeding in this case, particularly now that the Commission has been dissolved.[3] Defendants' current version of the index sets forth a number

---

[2] Defendants' counsel of record are also the same in the two cases.

[3] "One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989)) (internal quotation marks omitted). "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b); *see also Hoffmann-La Roche, Inc.*, 493 U.S. at 172. In keeping with these general guidelines, the Court endeavors to manage this case under the similarly broad rule that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure

of documents that they withheld from public disclosure, together with their alleged reasons for

doing so.  ECF No. 33-3 (containing index); *see also* 3d Decl. of Andrew J. Kossack, ECF No. 33-

1, ¶ 12 (explaining rationales).  An assessment of Plaintiff's entitlement to documents must be

made at the least under FACA § 10(b), which provides that

> Subject to section 552 of title 5, United States Code, the records, reports,
> transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other
> documents which were made available to or prepared for or by each advisory
> committee shall be available for public inspection and copying at a single location
> in the offices of the advisory committee or the agency to which the advisory
> committee reports until the advisory committee ceases to exist.

5 U.S.C. app. 2 § 10(b).  Assuming *arguendo* that Plaintiff could be entitled to documents in this

post-termination posture (i.e., *after* "the advisory committee ceases to exist"), Defendants' index

appears adequate to satisfy the Court's need for it.[4]  The Court need not consult every one of the

hundreds of entries to find some susceptible to a dispute under Section 10(b) that warrants merits

briefing of mandamus-type jurisdiction.

For example, among the withheld documents is an "[e]mail containing agenda for July 19

meeting" sent by Andrew Kossack, Executive Director and Designated Federal Officer for the

Commission, to Commission members on July 14, 2017.  ECF No. 33-3, at 11 (listing Doc. 140

as allegedly exempt under rationale "(b)").  Defendants' alleged rationale for exemption from

Section 10(b) and corresponding non-disclosure is that such document is an "[a]dministrative

email[ ] sent to the entire Commission (*e.g.*, . . . distributing meeting agendas . . . )," and as such

was "not used or prepared for the Commission's substantive work of providing collective advice

---

the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P.
1.

[4] Informing an assessment of jurisdiction was one reason for the index.  Another was to ensure that
Defendants adequately complied with document disclosure obligations before future meetings of
the Commission.  It is indisputable that this latter rationale is now moot.

to the President."  3d Decl. of Andrew J. Kossack, ECF No. 33-1, at 8 (articulating rationale (b) among list of rationales applicable to other documents).

But it is not clear on the face of Section 10(b) that an email sent by a staff member to the entire Commission containing an "agenda . . . which [was] made available to or prepared for . . . [an] advisory committee" can be appropriately withheld.  5 U.S.C. app. 2 § 10(b).  After all, the email delivering the agenda could be construed as one of the "other documents which were made available to or prepared for . . . [an] advisory committee."  *Id.*  The Court previously indicated its "preliminary view" that its assessments under Section 10(b) may require an inquiry into the intention with which Commission documents were created.  Order, ECF No. 28, at 2.  Mr. Kossack's email to the Commission, containing an agenda, would seem to be consistent with the Court's comment that "correspondence may be subject to disclosure if it includes materials intended for the committee."  *Id.* (citing *Ctr. for Biological Diversity v. Tidwell*, 239 F. Supp. 3d 213 (D.D.C. 2017) (Kollar-Kotelly, J.)).  Perhaps Defendants disagree with this general principle and/or with this example of a specific application.  Either way, this issue has not been squarely briefed on the merits.

Accordingly, in an exercise of this Court's discretion to efficiently handle this case, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's [35] Motion to Compel Compliance with the Court's August 30, 2017 Order and for Additional Appropriate Relief, and **DENIES WITHOUT PREJUDICE** Plaintiff's [41] Supplemental Request for Relief in Conjunction with Plaintiff's Motion to Compel Compliance with the Court's August 30, 2017 Order. Notwithstanding the foregoing analysis, the parties may again raise the issue of an amplified *Vaughn*-type index as needed in the course of the Court's resolution of the merits.

Defendants shall file a Motion to Dismiss by **JULY 30, 2018**.  If Defendants want to assert

mootness, then they shall address the cases furnished by Plaintiff and referenced above.  *See* Pl.'s Resp. to Exec. Order at 1.  In addition to addressing Plaintiff's FACA § 10(b) claim, the scope of any such mootness argument shall encompass any other claims in Plaintiff's [1] Complaint that Defendants may argue have been mooted by the Commission's termination.

If Defendants want to maintain that every document they have withheld has been appropriately withheld under FACA § 10(b), and accordingly that the Court lacks subject-matter jurisdiction over a claim in the nature of mandamus, then their Motion to Dismiss shall provide authority for their view and address, as needed, Plaintiff's objections in prior briefing to the *Vaughn*-type index.

Plaintiff shall respond to the Motion to Dismiss by **AUGUST 13, 2018**.  Defendants' reply, if any, shall be due by **AUGUST 20, 2018**.

**SO ORDERED.**

Dated: June 28, 2018

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge